

# FILED

APR **1 0** 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

Derrick Wayne Stith
_____
Plaintiff

vs.

Nicholas Groom
_____
David Parker
_____

_____

Defendant(s)

Case Number: 20-CV-116-GKF-FHM
(To be supplied by Court Clerk)

| Current Location (including Address) of Confinement : | Prisoner Number: |
|---|---|
| 300 N. Denver Ave.<br><br>Tulsa, OK 74103 | Inmate Id #1191521 |

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

A.  **Parties**

1)  Derrick Stith is a citizen of Oklahoma who presently resides at
    (Plaintiff)                        (State)

    300 N. Denver Ave. Tulsa, OK 74103 David L. Moss
    (Mailing address or place of confinement)

2)  Defendant Nicholas Groom is a citizen of Tulsa, OK ,
    (Name of first defendant)              (City, State)

    and is employed as Nurse .
    (Position and title, if any)

    At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of
    state law? ☒Yes ☐No
    If your answer is yes, briefly explain: Groom failed to provide adequate medical
    care, when needed and requested violating my 8th and 14th Amendment

3)  Defendant David Parker is a citizen of Tulsa, OK ,
    (Name of second defendant)           (City, State)

    and is employed as Administrator of David L. Moss .
    (Position and title, if any)

    At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of
    state law? ☒Yes ☐No
    If your answer is yes, briefly explain: See attachment

✓ Mail ___ No Cert Svc ___ No Orig Sign

___ C/J ___ C/MJ ___ C/Ret'd ___ No Env

___ No Cpys ✓ No Env/Cpys ___ O/J ___ O/MJ

*[You may attach one additional page (8 ½" x 11") to furnish the above information for additional defendants.]*

**B.    Jurisdiction**

1)  Jurisdiction is asserted pursuant to: (Check one)

☒ 42 U.S.C. §1983 (applies to state prisoners)

☐ Bivens *v Six Unknown Named Agents of Fed. Bureau of Narcotics*
403 U.S. 388 (1971) and 28 U.S.C. §1331 (applies to fed. prisoners)

2)  Jurisdiction also is invoked pursuant to 28 U.S.C. §1343(a)(3).  (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

**C.    Nature of Case**

1)  Briefly state the background of your case. plaintiff suffered severe injury due to defendant's not providing adequate medical care. see attachment

**D.    Cause of Action**

1)  I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: *[If necessary, you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.]*

a)    (1) Count I: plaintiff's 8th Amendment was violated and statutory law under 76 Okl. St. §21

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

See attachment

b)    (1) Count II: plaintiff's 14th Amendment was violated

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

See Attachment

c)      (1) Count III: acting under 23 § 61.2(c)(1)(a) and 23 § 39

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

See Attachment

## E.    Request for Relief

1) I believe that I am entitled to the following relief: 3.5 Million in Compensatory and 3.5 Million in Nominal Damages and injunction relief of jail medical procedures, that is gross negligence stated in the attachment

_____
Original Signature of Attorney (if any)

_____
Original Signature of Plaintiff

_____

_____
Attorney's full address and telephone number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at  <u>300 N. Denver Ave. Tulsa, OK David L. Moss</u>  on  <u>April 6, 2020</u> .
(Location) (Date)

<u>Derrick Carr</u>
(Original Signature of Plaintiff)

# COMPLAINT FORM

## *Northern District of Oklahoma*

## *333 W. 4th St. Suite #411 Tulsa, Ok 74103*

The plaintiff has put in numerous grievances, complaints, and requests for the treatment of his fractured ankle injury, and the nursing staff still has refused to provide adequate medical care, this is a due process violation and eight amendment violation initiated on behalf of the facility. The nursing staff received a request from the plaintiff, requesting to specifically be seen by the doctor instead of the charge nurse or any staff members that carry a nursing title, when the request got acknowledge they proscribed me a nerve pill for my ankle and never called me down to medical for a follow up, by this time the swelling has become worse more nerve and tissue damage has produced. This is the negligence they have inflicted on the plaintiff after the fact that they told the Stith that he would not get an MRI to leave the facility for the initial medical purpose (Nurse Groom) "because it was not consider serious enough", the plaintiff was seen by an ultrasound tech which she had a brief discussion with Stith explaining to the plaintiff how she informed David L. Moss staff that the ultrasound was irrelevant to the situation and it would not appear to show the relevant nerve and tissue damage, she told the plaintiff how she would inform staff due to the nature of the injury that she would recommend the MRI, the D.L.M nurse Nicholas Groom procrastinated the injury of the plaintiff's fractured ankle and told him that since it's not considered urgent to the facility and because you're not losing blood they can't afford to send the Stith out of the facility on an MRI, this has hindered the plaintiff's Due Process to adequate medical care as well as cruel and unusual the plaintiff is currently in severe pain and awaiting surgery after 7 months of neglect with no follow ups and producing more severe tissue and nerve damage, This is a brief narrative of the breach of duty and neglect by David Parker in his official capacity and Nicholas Groom in his individual, the plaintiff's fractured injury occurred in late August 2019, eventually seven months prior the plaintiff got sent to a MRI at OSU hospital in March 2020 a week after that the plaintiff was then transported to a clinic on 13th Utica to see Dr. Blackman and is scheduled for surgery soon, when this injury occurred back in august the plaintiff's cell was up stairs on the top tier and he could not stand or walk he was compelled to hop on one leg to get his food tray for dinner and lunch, the plaintiff even tried to reason with detention officer's and ask could inmates to deliver the food tray to his cell and the officer objected without cause, in a manner deemed unreasonable, the plaintiff did not receive imminent medical attention and pod officers denied his request to call for a wheel chair for approx. a week, plaintiff eventually got a (KOP) to possess a wheel chair in early September, Stith got re-housed on the bottom tier to prevent him from having to walk up stairs. Nurse Groom advised him of his new cell down stairs and Stith told him to specifically let operations know I can't stand when he showers, Groom told Stith that won't be necessary and his job is done for the day; The plaintiff then went backed to the unit and asked pod officers to called housing and let staff know he needs the handicap cell that was on the unit, Stith even advised the officer that the inmate staying in the handicap room was housed on a boat due to the unit being overcrowded and has no medical condition or disability, The officer objected to that requests as well, the plaintiff tried to explain the severity, dangers, and issue's he has in a stand up shower and how he could not stand up even to take a shower and the dangers if he attempted. The pod officer was well aware that the handicap cell possessed a sit-down shower, all of these

1

facts can be subpoena by the courts, the availability of the handicap cell (housing rosters) and the inmate's that was housed and occupied that cell and his medical record, the time frame it took the jail to finally issue a (KOP) so the plaintiff would not have to be carried by inmates to get his meal, the pod cameras to show inmate being carried by inmates for days hoping on one foot while holding the rail to get his meal and commissary, the grievances plaintiff wrote on the kiosk, and plaintiff sent a request to medical staff to reduce swelling in accordance to an ice pack, medical had wrote back on the kiosk saying after 24 hours when the injury originally occurred it's against policy to give Stith any ice pack. Each grievance that was filed gave the jail administrator opportunity to take action and the plaintiff brings claims against the administration in his official capacity for failure to supervise staff and violating the plaintiff's 14th Amendment by not acknowledging grievances when submitted, David Parkers lack of diligence on acknowledging medical's negligence and verifying each grievance thoroughly is a breach of duty harmonizing with Stith's right to heard and negligence, the courts has supplemental jurisdiction over plaintiff's state and civil rights claims federal laws ordering compensation and injunction relief; the nurse Nicholas Groom will be sued in his individual capacity for personally seeing the injury that needed adequate medical care that consisted of an imminent MRI, to be taken out of the facility for doctors who can actually treat Mr. Stith's injury to prevent future or permanent damage; by Groom neglecting Stith and telling him he knew his ankle was slightly fractured was a breach of duty because Stith is now suffering from permanent nerve and tissue damage, the plaintiff had the wheel chair two weeks in September and Groom requested the chair back, Stith told Groom that he still needed the chair and groom would not comply, Stith even showed him how swelled the ankle was and Groom still unreasonably objected, now that Stith has limped and walked on it for the past six months the nerve and tissue damage has become definitely permanent according to the results from the MRI early March of 2020. Groom and the pod officer violated plaintiff's due process by neglecting his request unreasonably without cause and acting in a manner deemed cruel and unusual punishment a violation of the eight amendment, the pod officer was aware in late august 2019 when the injury first occurred that it was considered emergency in nature, the plaintiff attempted oral requests for medical while being carried to the pod officer's desk by inmates, a grievance can be oral when it's an emergency it was left unaddressed when the officer objected, this was a breach of duty harmonizing with negligence. The plaintiff request $3.5 Million in compensatory damages, and $3.5 million in nominal damages the amount is requested because the D.L.M. staff were well aware after the initial x-rays and still neglected to provide the plaintiff with adequate medical care violating his Fourteenth Amendment right of Due Process to immediate medical care outside the facility inflicting cruel and unusual punishment a violation of his Right to be heard and Gross Negligence under Okla. Provisions, each month the plaintiff endured the facilities gross negligence and unusual punishment the plaintiff requests 1 million each month he suffered and the permanent bodily damage that lead to an everlasting injury; the right not to have adequate medical care access to immediate wheel chair privileges, this was degrading and inhumane this has hindered the plaintiff right to be heard in the district courts as well the plaintiff is fighting capital murder. The plaintiff does apologize to court official's for not providing accurate dates of the complaints; due to the pain, anguish, and circumstances Stith endured, his mentality was not to premeditate any civil suit when the injury occurred, rather to get adequate medical attention and the right to be heard, not treated with prejudice due to him being a pre-trial detainee. The nominal and compensatory damages request is for reasonable indemnification when granted.

Derrick Stith
#1191521
D.L.M.
300 N. Denver Ave.
Tulsa, OK 74103

neopost
04/09/2020
US POSTAGE $001.80⁰

FIRST-CLASS MAIL

ZIP 74127
041M12251097

Post marked 4/9/20 AG

United States District Court Clerk
333 W. 4th St. Suite #411
Tulsa, OK 74103

20-CV-116-GKF-FHM

RECEIVED

APR 1 0 2020

Mark C. McCartt, Clerk
U.S. DISTRICT COURT